**WO** JKM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Tan Huy Luong,            )<br>                                      )<br>       Petitioner,        )<br>                                      )<br>vs.                              )<br>                                      )<br>Alberto R. Gonzales,     )<br>                                      )<br>       Respondent.     )<br>_____) | No. CV 07-0146-PHX-SMM (LOA)<br><br>**ORDER** |

Petitioner Tan Huy Luong (A22-473-035) has filed a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The five dollar filing fee has been paid. The Court will require an answer to the Petition.

**I.  Petition**

Petitioner alleges that he is a native and citizen of Vietnam who was admitted to the United States as a refugee in 1978. On August 15, 1994, in the United States District Court for the Eastern District of Kentucky, Petitioner was convicted of conspiring to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 864. Petitioner was sentenced to a term of 168 months of imprisonment. Upon his release on October 27, 2006, the Department of Homeland Security (DHS) took Petitioner into custody and charged him with removability under INA § 212(c)(2)(C), 8 U.S.C. § 1182(c)(2)(C), as an alien who has been an illicit trafficker in any controlled substance. On November 22, 2006, after confirming that Petitioner is a refugee who never adjusted to lawful permanent resident

1 status, the DHS moved to administratively close Petitioner's case. On November 28, 2006, 2 the immigration judge granted the DHS's motion without having heard from Petitioner. On 3 November 30, 2006, the DHS gave Petitioner a Form I-485 Application to Register for 4 Permanent Residence or Adjust Status and told him he had 30 days to complete the 5 application. Petitioner refused to complete the application.

6 On December 13, 2006, the immigration judge granted Petitioner's motion to 7 reconsider and reopened his removal proceedings. Petitioner informed the court that he did 8 not wish to apply for adjustment of status and requested that the court remove him to 9 Vietnam. Although it apparently conceded that any application for adjustment of status by 10 Petitioner would almost certainly be denied, the DHS again moved to administratively 11 terminate the removal proceedings on the grounds that it was uncertain whether a refugee 12 could be removed before his application for adjustment of status had been denied. On 13 December 15, 2006, the immigration judge found that Petitioner was ineligible for and had 14 waived his rights to adjust his status or for any other form of relief from removal and entered 15 an order for Petitioner's removal to Vietnam "forthwith." (Doc. #6, Exhibit at 15). In an 16 unusual turn of events, the DHS appealed the removal order to the Board of Immigration 17 Appeals. The DHS continues to detain Petitioner and it has refused Petitioner's request that 18 he be immediately deported to Vietnam. Petitioner asserts that his continued detention is 19 unlawful.

20 Although jurisdiction in this matter is not entirely clear, the REAL ID Act of 2005 21 does not present an obvious bar to Petitioner's claim. As amended by the REAL ID Act, 22 8 U.S.C. § 1252(a)(5) provides that "[n]otwithstanding any other provision of law . . ., 23 including section 2241 of Title 28, or any other habeas corpus provision, . . a petition for 24 review filed with an appropriate court of appeals . . . shall be the sole and exclusive means 25 for judicial review of an order of removal . . . ."). Petitioner, however, does not challenge 26 his order of removal. Rather, he apparently seeks either enforcement of the removal order 27 or release from custody. The REAL ID Act was "not intended to 'preclude habeas review 28 over challenges to detention that are independent of challenges to removal orders.'"

1  Hernandez v. Gonzales, 424 F.3d 42, 42-43 (1st Cir. 2005) (quoting H.R. Cong. Rep. No.
2  109-72, at 2873 (2005)); See also Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir.
3  2006) ("By its terms, the jurisdiction-stripping provision [of the REAL ID Act] does not
4  apply to federal habeas corpus petitions that do not involve final orders of removal."). An
5  answer to the Petition will therefore be required.

6  **II. Warnings**

7  **A. Address Changes**

8  Petitioner must file and serve a notice of a change of address in accordance with Rule
9  83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other
10 relief with a notice of change of address. Failure to comply may result in dismissal of this
11 action.

12 **B. Copies**

13 Petitioner must serve Respondent, or counsel if an appearance has been entered, a
14 copy of every document that he files. FED. R. CIV. P. 5(a). Each filing must include a
15 certificate stating that a copy of the filing was served. FED. R. CIV. P. 5(d). Petitioner also
16 must submit an additional copy of every filing for use by the Court. LRCIV 5.4. Failure to
17 comply may result in the filing being stricken without further notice to Petitioner.

18 **C. Possible dismissal**

19 If Petitioner fails to timely comply with every provision of this Order, including these
20 warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
21 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to
22 comply with any order of the Court).

23 **IT IS ORDERED:**

24 (1) Petitioner's Motion for Leave to File Additional Supporting Documents (Doc. #6)
25 is **granted** and is treated as a memorandum in support of his Petition.

26 (2) The Clerk of Court must serve a copy of the Summons, Petition (Doc. #1),
27 Memorandum (Doc. #6) and this Order upon the United States Attorney for the District of
28 Arizona by certified mail addressed to the civil process clerk at the office of the United States

1  Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of
2  Court also must send by certified mail a copy of the Summons, Petition and this Order to the
3  United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to
4  Rule 4(i)(2)(A).

5        (3)  Respondent must answer the Petition within twenty (20) days of the date of
6  service. Respondent must not file a dispositive motion in place of an answer without first
7  showing cause as to why an answer is inadequate.

8        (4) Petitioner may file a reply within twenty (20) days from the date of service of the
9  answer.

10        (5)  The matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to
11  Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a
12  report and recommendation.

13        DATED this 29th day of March, 2007.

*[signature]*

Stephen M. McNamee
United States District Judge