IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tan Huy Luong,<br><br>    Petitioner,<br><br>vs.<br><br>Alberto R. Gonzales,<br><br>    Respondent. | No. CV-07-146-PHX-SMM (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (docket # 1) Petitioner claims that his detention by the Department of Homeland Security ("DHS") violates the Due Process Clause of the Constitution. (docket # 1) Respondent has filed a Response (docket # 14) to which Petitioner has replied. (docket # 15)

**I. Factual and Procedural Background**

Petitioner is a native and citizen of Vietnam. (Respondents' Exh. 1) On February 8, 1978, the former Immigration and Naturalization Service[1] ("INS") conditionally admitted Petitioner into the United States as a refugee pursuant to section 203(a)(7) of the Immigration and Nationality Act ("INA"). Petitioner never adjusted his status to that of

---

[1] The INS ceased to exist as an independent agency within the Department of Justice and its functions were transferred to the newly formed Department of Homeland Security on March 1, 2003. *See*, Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).

permanent resident.[2] (Respondents' Exh. 1)

On February 24, 2005, Petitioner was convicted in the United States District Court, Eastern District of Kentucky, for "conspiring to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846." (Respondents' Exh. 2) The Court sentenced Petitioner to 168 months imprisonment. (Respondents' Exh. 2)

After Petitioner completed his sentence, on October 27, 2006, the Department of Homeland Security ("DHS") placed Petitioner in removal proceedings by issuing a Notice to Appear ("NTA"). The NTA charged Petitioner with being subject to removal under § 212(a)(2)(C) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(2)(C), as an alien who, "a consular or immigration officer knows or has reason to believe, . . . is or has been an illicit trafficker in any controlled substance or is or has been a knowing assister, abettor, conspirator, or colluder with others in the illicit trafficking in any such controlled substance." (Respondents' Exh. 3) That same day, DHS took Petitioner into custody and served him with Form I-286, "Notice of Custody Determination." (Respondents' Exh. 4) DHS set Petitioner's bond at "No Bond." (*Id.*) Petitioner did not request a redetermination of bond by an immigration judge ("IJ"). (*Id.*)

After confirming that Petitioner is a refugee who never adjusted his status to that of lawful permanent resident, on November 22, 2006, DHS filed with the immigration court a Motion to Administratively Close Removal Proceedings to allow Petitioner to apply to adjust his status to that of lawful permanent resident. (Respondents' Exh. 5) DHS argued that Petitioner had not followed the procedures set forth in INA § 209(a) and that he should be required to do so before he could be removed from the United States.

---

[2] In his Reply, Petitioner asserts that he is a lawful permanent resident. (docket # 15) Petitioner's assertion is based on the title of the form, "Memorandum of Creation of Record of Lawful Permanent Residence" (Respondents' Exh. 1), which was partially completed upon Petitioner's entry in 1978. That form, however, was never completed and states that Petitioner was admitted "conditionally." (*Id.*)

(Respondents' Exhs. 5, 13)  On November 28, 2006, the immigration judge ("IJ") granted DHS's motion and ordered Petitioner to adjust his status. (Respondents' Exh. 6)  On November 29, 2006, Petitioner filed a Motion to Reconsider the IJ's November 28, 2006 Order.  (Respondents' Exh. 7) On November 30, 2006, DHS provided Petitioner with a Form I-485, "Application to Register Permanent Residence or Alien Status" which Petitioner refused to complete.  (Respondents' Exhs. 8, 9)

On December 13, 2006, the IJ granted Petitioner's Motion for Reconsideration and re-opened removal proceedings.  (Respondents' Exh. 8) At a December 15, 2006 hearing, DHS renewed its motion to administratively close the case.  The IJ denied DHS's renewed motion.  Petitioner subsequently informed the IJ that he did not wish to apply for adjustment of status, admitted the factual allegations and charges in the charging document, and requested that the IJ order him removed to Vietnam.  (Respondents' Exhs. 10, 13)

On December 15, 2006, the IJ sustained the charge of inadmissibility and found that Petitioner had waived his right to adjust status or for any other form of relief from removal.  The IJ then ordered Petitioner removed to Vietnam.  DHS reserved appeal. (Respondents' Exh. 10)

On January 16, 2007, DHS filed a Notice of Appeal with the Board of Immigration Appeals ("BIA") challenging the IJ's removal order dated December 15, 2006. (Respondents' Exhs. 8, 11).  On February 13, 2007, Petitioner filed with BIA a Motion to Dismiss DHS's Appeal.  (Respondents' Exh. 12) On April 24, 2007, BIA dismissed DHS's appeal and affirmed the IJ's order removing Petitioner to Vietnam. (Respondents' Exh. 13) The BIA noted that Petitioner admitted the allegations in the NTA and did not contest those charges.  (Respondents' Exh. 13) The BIA further noted that Petitioner did not request adjustment of status or any other relief.  (Respondents' Exh. 13) Under those circumstances, the BIA found it appropriate to affirm the IJ's order of removal. (Respondents' Exh. 13) The BIA rejected DHS's argument that the IJ lacked jurisdiction

to order Petitioner removed because he had not followed the procedures of INA § 209. The BIA found that "where an alien, such as [Petitioner], has indicated that he has no interest in pursuing adjustment of status, it is not appropriate to require him to do so." (Respondents' Exh. 13)

In the meantime, on January 22, 2007, Petitioner filed the pending Petition for Writ of Habeas Corpus with this Court. (docket # 1) Petitioner alleges that his detention violates the Due Process Clause of the Constitution.

**II. Analysis**

Petitioner claims that his detention during removal proceedings and his current detention violates the Due Process Clause. Respondent asserts that this matter is not subject to federal habeas review because at the time Respondent filed its Answer, Petitioner was being detained during the initial 90-day removal period.

### A. Applicable Law

This Court may issue a writ of habeas corpus to a Department of Homeland Security detainee who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, Petitioner challenges his detention and seeks enforcement of the Immigration Judge's order of removal. To the extent that Petitioner challenges his detention before and during removal proceedings, it is arguable that his claims are moot. See, *Van Tran v. Ridge*, 2006 WL 987963, * 2 (D.Ariz. April 13, 2006); *Koita v. Reno*, 113 F.Supp.2d 737, 738 (M.D.Pa. 2000)(when a detainee files a petition for federal habeas relief based on a claim that he is being detained pursuant to INA § 236, and the petitioner is, at the time the merits of his petition are addressed, being detained pursuant to INA § 231, petitioner's claim that his detention pursuant to § 236 is unconstitutional is moot.) Additionally, Petitioner's initial detention was not in violation of any federal statutes or unconstitutional.

The Due Process Clause applies to all "persons" within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or

permanent. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). The Supreme Court has held that "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510 (2003).

### B. Initial Detention

In this case, Petitioner was conditionally admitted to the United States as a refugee in 1978. Thereafter, he was convicted of a drug-related crime in the Eastern District of Kentucky in 1994. After Petitioner served his sentence for his 1994 conviction, Petitioner was taken to DHS's custody for inspection and examination to determine his admissibility pursuant to 8 U.S.C. § 1159. (Respondents' Exhs. 7-9, 12) Title 8 U.S.C. § 1159(a) provides that:

> an alien who has been admitted to the United States under section 1157 of this title . . . (B) who has been physically present in the United States for at least one year, and who has not acquired permanent resident status, shall at the end of such year period, return or be returned to the custody of the Department of Homeland Security for inspection and examination for admission to the United States as an immigrant in accordance with the provisions of sections 1225, 1229a, and 1231 of this title.

8 U.S.C. 1159(a). Neither the statutes nor the regulations grant the immigration court jurisdiction over the conditions of custody of an alien who is detained pursuant to 8 U.S.C. § 1159. *Id.* If an alien is found inadmissible, then the government initiates removal proceedings based on grounds of inadmissability set forth in 8 U.S.C. § 1182. *Garcia-Alzugaray*, 19 I & N Dec. at 408 (stating that applicant's admission as a refugee under section 207(c)(1) of the INA is conditional. Upon determination that the alien is not admissible, following his examination under oath by an immigration officer, the applicant would be subject to exclusion proceedings in accordance with sections 235, 236, and 237 of the INA.)

In this case, DHS deemed that Petitioner was inadmissible under INA § 212(a)(2)(C), 8 U.S.C. 1182(a)(2)(C) based on his 1994 conviction of a drug-related offense. (Respondents' Exh. 3) Petitioner admitted the charges in the NTA and the IJ

found Petitioner inadmissible and ordered him removed to Vietnam. On April 24, 2007, the BIA upheld Petitioner's Order of Removal to Vietnam.

Petitioner challenges his detention during removal proceedings as a violation of Due Process. Petitioner's detention under § 1159 was not indefinite and did not violate the Due Process Clause. *DeMore*, 538 U.S. at 531. Petitioner was only detained for the amount of time necessary to determine his admissibility to the United States. The BIA resolved that issue on April 24, 2007. Contrary to Petitioner's assertion, although DHS's pursuit of its argument that Petitioner was required to comply with INA § 209 contributed to the length of the removal proceedings, DHS's advocacy of its legal position did not violate Petitioner's right to Due Process. Petitioner had the opportunity to present his arguments to the IJ and the BIA during removal proceedings. Accordingly, the Court finds that Petitioner's detention during removal proceedings did not violate the Due Process Clause.

### C. Current Detention

As discussed below, because Petitioner's order of removal is administratively final, Petitioner's current detention is mandatory pursuant to INA § 241(a)(1), 8 U.S.C. § 1231(a)(1)(A), (a)(2). Section 241(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(1), provides that, after a removal order has issued, the Attorney General shall remove an alien from the United States within ninety days. This "removal period" commences on the latest of the following: "(i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order. (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B); *Kothandaraghupathy v. DHS*, 396 F.Supp.2d 1104, 1106 (D.Ariz. 2005). In this case, Petitioner's order of removal became administratively final on April 24, 2007, when the BIA dismissed the appeal. 8 U.S.C. § 1101(a)(47)(B)(i); 8 C.F.R. § 1003.39. Therefore, the removal period has

commenced and Petitioner is subject to mandatory detention. *Kothandaraghupathy*, 396 F.Supp.2d at 1106; 8 U.S.C. § 1231(a)(1)(B)(ii).

Title 8 U.S.C. § 1231 allows the Attorney General a 90-day period, following the entry of an administratively final order of removal, to effectuate removal. 8 U.S.C. § 1231(a)(1)(A)-(B). During the removal period, the Attorney General must detain the alien. 8 U.S.C. § 1231(a)(2); *Khoutesouvan v. Morones*, 386 F.3d 1298, 1300 (9th Cir. 2004)(finding that an alien is subject to mandatory detention during the 90-day removal period.).

In *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), the Supreme Court held that after the 90-days, the post-removal-period detention provision, 8 U.S.C. § 1231(a)(6), implicitly limits an alien's detention to "a period reasonably necessary to bring about that alien's removal from the United States" and does not permit indefinite detention. *Id.* at 689. The Supreme Court further held that six months is a presumptively reasonable period of detention. *Id.* at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. To state a claim under *Zadvydas*, the alien not only must show post-removal-order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* "[W]here an alien seeks release *prior* to the expiration of the presumptive six-month period, his claims are unripe for federal review." *Sofowora v Gonzales*, 2006 WL 2785733, * 4 (E.D.Cal., August 25, 2006)(emphasis in original), *report and recommendation adopted*, 2006 WL 2781670 (E.D.Cal., September 23, 2006).

Here, Petitioner's order of removal became administratively final on April 24, 2007 upon conclusion of the BIA's review of the order of removal on appeal. 8 U.S.C. § 1231(a)(1). Thus, the 90-day removal period commenced on April 24, 2007. 8 U.S.C. § 1231(a)(1). To date, Petitioner has been detained nearly two months after the expiration

of the 90-day period of removal or nearly five months after the commencement of the six-month period of presumptively reasonable detention. *Sofowora*, 2006 WL 2785733, * 3 (stating that the six-month period of presumptively reasonable detention under *Zadvydas* is triggered by commencement of the 90-day removal period.)  Petitioner's post-removal-order detention has not yet approached the six-month period deemed presumptively reasonable by the Supreme Court.  Petitioner seeks release before the expiration of the presumptive six-month removal period and, therefore, his challenge to his detention under *Zadvydas* is not ripe for review. *Singh v. Gonzales*, No. C05-1686-JLR-JPD, 2006 WL 1041838, * 4 (W.D.Wash. April 3, 2006)(finding that the 90-day removal period had not commenced where petitioner had sought and been granted stay of removal by the Ninth Circuit and, therefore, petitioner's challenge to his detention under *Zadvydas* was premature.); *Sofowora*, 2006 WL 2785733, * 4.

Moreover, Petitioner has not established that his removal to Vietnam is not reasonably foreseeable. *Zadvydas*, 533 U.S. at 701-02.  For the reasons set forth above, Petitioner's challenge to his detention fails.

Accordingly,

IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas Corpus (docket # 1) be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further

1  review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure
2  timely to file objections to any factual determinations of the Magistrate Judge will be
3  considered a waiver of a party's right to appellate review of the findings of fact in an
4  order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule
5  72, Federal Rules of Civil Procedure.

DATED this 26th day of September, 2007.

Lawrence O. Anderson
United States Magistrate Judge

- 9 -